Jesus A. **VALENZUELA**, Appellant–
Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0806–CR–552.

Court of Appeals of Indiana.

Dec. 31, 2008.

Transfer Denied March 10, 2009.

David Becsey, Zeigler Cohen & Koch, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ann L. Goodwin, Special Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Jesus A. Valenzuela appeals from his sentence following his convictions for Burglary, as a Class A felony, and Child Molesting, as a Class B felony, after he pleaded guilty. Valenzuela raises two issues for our review, but we address only the following dispositive issue: whether the trial court sentenced Valenzuela in accordance with the terms of his guilty plea agreement.

We reverse and remand for resentencing.

### FACTS AND PROCEDURAL HISTORY

On August 24, 2007, Valenzuela entered a home in the 6000 block of Sunwood Drive in Marion County. Valenzuela placed several items found in the home in his pockets. He then proceeded into five-year-old A.H.'s bedroom and forced A.H. to have sexual intercourse with him. A.H.'s mother awoke to a noise shortly thereafter and went to A.H.'s bedroom, where she discovered Valenzuela. A.H.'s mother, along with her other children, then subdued Valenzuela until the police arrived. A.H. later learned that, as a result of Valenzuela's sexual attack, she had contracted Chlamydia.

On August 27, the State charged Valenzuela with multiple offenses. On September 26, the State and Valenzuela jointly filed a memorandum in the trial court stating that Valenzuela was considering the State's offer to plead guilty in exchange for the State's recommendation that Valenzuela receive a "cap of 35 on initial ex." Appellant's App. at 37. Similarly, on November 14, the parties jointly filed a memorandum stating that Valenzuela was still considering the State's offer to enter a guilty plea for a "cap of 35" on the sentence. *Id.* at 42. A third memorandum was filed on January 23, 2008, stating that the sentence under consideration would have a "cap of 35 yrs ex," *id.* at 44, and a fourth and final memorandum was filed on February 20 stating that Valenzuela was considering a sentence limited to "27 yrs. ex. DOC," *id.* at 48.

On May 5, 2008, Valenzuela entered into his guilty plea with the State. In the written plea agreement, Valenzuela agreed to plead guilty to burglary, as a Class A felony, and child molesting, as a Class B felony. In exchange, the State agreed that it would "make the following recommendation as [to] the sentence to be imposed: Cap of Thirty Five Years (35)." *Id.* at 53 (emphasis removed). The plea agreement also stated: "It is further agreed that the

sentence recommended and/or imposed is the appropriate sentence to be served pursuant to this agreement. . . ." *Id.*

On May 21, the trial court held Valenzuela's guilty plea and sentencing hearing. At that hearing, the State recommended the court sentence Valenzuela to "the full 35 years executed in the Department of Correction[ ]. . . ." Transcript at 17. The court then stated as follows:

> He is . . . a first offender. The apology in the pre-sentence report[,] as the State pointed out[,] was more a concern for himself although today in court now under oath he has . . . apologized to the family and so the Court would accept the fact that Mr. Valenzuela is remorseful. The aggravating circumstances here are just huge and I'm not even sure I can go through them . . . [;] but the disease contracted . . . by the young lady involved here [was] clearly transmitted by Mr. Valenzuela. The impact on the little girl and her family is just indescribable. . . . I can't imagine this . . . impact on the family, the age of the child, the—there's an interesting comment Ms. DePrez [for the State] made about the defendant in the pre-sentence [sic] suggesting he'd been . . . molested himself as a child and that this should have been a learning process to say, hey, you know, I don't want to ever do this to anybody and I don't know the psychological impact of that or how you deal with that but it does make a point. I do feel under these circumstances these are two distinct crimes and so sentences are going to be imposed consecutively. On the burglary charge . . . the Court's gonna impose 30 years and I'm going to suspend ten so he has the 20 years to serve[.] [O]n the child molest charge[ ][t]he Court's going to impose . . . 15 years, . . . suspend three so he has 12 years to serve consecutive—a total of 32 years. . . . [F]or whatever it's

worth if it's worth anything [I am placing] the defendant on probation for a period of three years after that. . . .

*Id.* at 22–24. This appeal ensued.

## DISCUSSION AND DECISION

■ Valenzuela contends that the trial court violated the terms of his plea agreement when it sentenced him to an aggregate sentence of forty-five years, with thirty-two years executed. The State responds that the plea agreement is ambiguous but the course of the parties' negotiations demonstrates that the thirty-five-year cap recommended by the State only applied to the executed portion of the sentence. We cannot agree with the State that the plea agreement is ambiguous. However, even if it were, we would agree with Valenzuela that that ambiguity is to be construed against the State.

■ Our courts have long held that plea agreements are in the nature of contracts entered into between the defendant and the State. *Lee v. State,* 816 N.E.2d 35, 38 (Ind.2004). That is:

> [a] plea agreement is contractual in nature, binding the defendant, the state, and the trial court. The prosecutor and the defendant are the contracting parties, and the trial court's role with respect to their agreement is described by statute: If the court accepts the plea agreement, it shall be bound by its terms.

*Id.* (quoting *Pannarale v. State,* 638 N.E.2d 1247, 1248 (Ind.1994)). As such, we will look to principles of contract law when construing plea agreements to determine what is reasonably due to the defendant. *See id.*

■ The primary goal of contract interpretation is to give effect to the parties' intent. *Griffin v. State,* 756 N.E.2d 572, 574 (Ind.Ct.App.2001), *trans. denied.*

When the terms of a contract are clear and unambiguous, they are conclusive of that intent, and the court will not construe the contract or look to extrinsic evidence. *Id.* Rather, we will merely apply the contractual provisions. *Id.* Terms of a contract are not ambiguous merely because a controversy exists between the parties concerning the proper interpretation of terms. *Id.* Instead, ambiguity will be found in a contract only if reasonable people would find the contract subject to more than one construction. *Id.* We construe any contract ambiguity against the party who drafted it, which, in the case of plea agreements, is the State. *See, e.g., Time Warner Entm't Co. v. Whiteman,* 802 N.E.2d 886, 894 (Ind.2004).

Here, Valenzuela's plea agreement required the State to "make the following recommendation as [to] the sentence to be imposed: Cap of Thirty Five Years (35)." Appellant's App. at 53 (emphasis removed). The State asserts that that language is ambiguous because it is not reasonably clear whether the thirty-five-year cap is a limit on only the executed portion of Valenzuela's sentence, as the State maintains, or is a cap on Valenzuela's total term, as he asserts on appeal.[1] We cannot agree. "Cap" means just that—it is a cap on the sentence the trial court could impose on Valenzuela. And the cap here was thirty-five years. Having exceeded that cap by imposing a forty-five-year sentence, the trial court improperly exceeded the plain terms of Valenzuela's plea agreement.

Nonetheless, even if the plea agreement were ambiguous, we could not agree with the State's proposal to "look to extrinsic evidence to discern the intentions of the parties." Appellee's Brief at 7. Specifically, the State asserts that the four jointly filed memoranda, in which Valenzuela acknowledged that he was considering the State's offers to plead guilty, along with Valenzuela's lack of objection at the sentencing hearing, demonstrates Valenzuela's intent to have the thirty-five-year cap apply only to the executed portion of his sentence. But that evidence is inconclusive. The references in the memoranda to an executed-sentence cap is not consistent with the language Valenzuela eventually accepted, and that difference may well have been material to inducing Valenzuela to plead guilty. And, in any event, the actual agreement supersedes previous negotiations.

■ Rather than relying on extrinsic evidence, as the State would have us do, the better rule is to strictly construe the plea agreement against its drafter, the State. *See, e.g., Time Warner,* 802 N.E.2d at 894 ("we construe any contract ambiguity against the party who drafted it."). As the United States Court of Appeals for the Third Circuit succinctly and persuasively stated: "in view of the government's tremendous bargaining power, we will strictly

---

1. Although not raised by the State on appeal, we find no merit to the fact that the thirty-five-year cap was styled as a "recommendation" in the plea agreement. Having accepted the plea agreement, the trial court lost its sentencing discretion in accordance with the terms of Valenzuela's plea. *See* Ind.Code § 35-35-3-3(e) (2004) ("If the court accepts a plea agreement, it shall be bound by its terms."); *Pannarale,* 638 N.E.2d at 1248 ("As the statute suggests, the trial court may at its discretion reject the plea agreement.... Once it has accepted a plea agreement recommending a specific sentence, however, the terms of the agreement constrain the discretion the court would otherwise employ in sentencing."). *But see St. Clair v. State,* 880 N.E.2d 1213, 1215–16 (Ind.Ct.App.2008) (holding that the defendant entered into an open plea agreement where the State agreed to only "recommend" a term of imprisonment), *vacated,* 891 N.E.2d 46 (Ind.2008) (decision granting transfer).

construe the text against it as the drafter of plea agreements to the extent the agreement is ambiguous." *United States v. Rivera,* 357 F.3d 290, 295 (3d Cir.2004). Thus, if we are to assume that Valenzuela's plea agreement is ambiguous we must construe the term "Cap of Thirty Five Years" to be a cap on the total term of his sentence. *See* Appellant's App. at 53. Hence, the trial court erred when it sentenced Valenzuela to forty-five years.

We are aware of our constitutional authority, as implemented through Indiana Appellate Rule 7(B), to review and revise sentences when those sentences are inappropriate. However, the trial court here found a substantial term of probation to be warranted, and it is in the best position to determine whether, in light of this opinion, probation is still appropriate. The trial court is also free to impose an altogether different sentence, so long as the total term imposed on Valenzuela does not exceed thirty-five years.

Reversed and remanded for resentencing.

BAKER, C.J., and KIRSCH, J., concur.