**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK I. COX**
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JENNIFER DUFF, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  89A01-1206-CR-280 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Gregory A. Horn, Judge
Cause Nos. 89D02-0911-FC-26, 89D02-0911-FB-27, 89D02-1011-FC-20, 89D02-1011-FC-21, and 89D02-1012-FC-22

**March 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Jennifer Duff ("Duff") appeals the sentence imposed under five separate cause numbers after she pled guilty to eight counts of forgery, Class C felonies;[1] five counts of theft, Class D felonies;[2] one count of robbery, a Class C felony;[3] three counts of fraud, Class D felonies;[4] and one count of dealing in a schedule 1 controlled substance, a Class B felony.[5]

We affirm.

## ISSUES

1.      Whether Duff waived her right to appeal her sentence.

2.      Whether Duff's sentence was inappropriate.

## FACTS AND PROCEDURAL HISTORY

On August 12, 2009, Duff called and offered to sell heroin capsules to a person who turned out to be a confidential informant. At Duff's direction, the informant met her at a Village Pantry, where she sold him three heroin capsules. On November 18, 2009, she was charged with dealing in a schedule 1 controlled substance arising from this incident. The case was charged under Cause No. 89D02-0911-FB-27 ("Cause No. 27").

---

[1] Ind. Code § 35-43-5-2(b)(1).

[2] I.C. § 35-43-4-2(a).

[3] I.C. § 35-42-5-1(1).

[4] I.C. § 35-43-5-4(1)(A).

[5] I.C. § 35-48-4-2(a)(1)(c).

2

On September 15, 2009, Duff presented two forged checks with the intent to defraud Francis Jackson ("Jackson"). She also exerted control over other checks that she had taken from Jackson's home without his permission. On November 12, 2009, the State charged Duff with two counts of forgery and one count of theft arising from these incidents. The case was charged under Cause No. 89D02-0911-FC-26 ("Cause No. 26").

On October 27, 2010, Duff took blank checks from Frank Rastbichler ("Rastbichler"). On October 28, 2010, Duff uttered or possessed two written checks with the intent to defraud Rastbichler. On October 30, 2010, Duff again uttered or possessed a written check with the intent to defraud Rastbichler. Duff took the checks from Rastbichler's home without his permission. On November 23, 2010, the State charged Duff with three counts of forgery and one count of theft arising from these incidents. The case was charged under Cause No. 89D02-1011-FC-20 ("Cause No. 20").

On November 9, 2010, Duff uttered or possessed two written checks with the intent to defraud Eugene Moore. On November 15, 2010, Duff knowingly or intentionally exerted unauthorized control over a purse belonging to Annessa Qualls ("Qualls") with the intent to deprive Qualls of the use or value of her property. Duff took a checkbook from Russell Erhrich ("Erhrich"), and on November 18, 2010, she uttered or possessed a written check with the intent to defraud Erhrich. On December 16, 2010, the State charged Duff with three counts of forgery, three counts of theft, and two counts of fraud arising from these incidents. The case was charged under Cause No. 89D02-1012-FC-22 ("Cause No. 22").

3

On November 20, 2010, Duff fought with Alice Daggy ("Daggy") and took Daggy's purse. Duff used a credit card from the purse to purchase a laptop computer. On November 24, 2010, the State charged Duff with robbery and fraud for acts arising from this incident. The case was charged under Cause No. 89D02-1011-FC-21 ("Cause No. 21").

Duff pled guilty to all of the charges in the five cases, with the guilty plea stating that the State agreed that "the aggregate sentence imposed in the within causes shall not exceed twenty (20) years of incarceration with the right of [Duff] to ask for less than twenty (20) years of incarceration." (App. 32). After a sentencing hearing, the trial court found Duff's criminal history (consisting of thirteen misdemeanor convictions) as an aggravating circumstance. The trial court found as mitigating circumstances that Duff (1) pled guilty; (2) committed the offenses to support her drug addiction; and (3) had endured domestic violence. The trial court found that the aggravating and mitigating circumstances were in equipoise; thus, it sentenced Duff to the advisory sentence on each count.

In Cause No. 27, the trial court sentenced Duff to ten years of incarceration on the Class B felony drug conviction, with two years suspended and probation of four years.[6] In Cause No. 26, the trial court sentenced Duff to serve four years of incarceration on each of the Class C felony forgery convictions, with two years suspended on each

---

[6] The sentencing range for a Class B felony is six to twenty years, with the advisory being ten years. I.C. § 35-50-2-5.

4

conviction.[7]  The trial court also ordered Duff to serve one and one-half years on the Class D felony theft conviction.[8]

In Cause No. 20, the trial court ordered Duff to serve four years of incarceration on each of the Class C felony forgery convictions, with two years suspended on each conviction.  The trial court also ordered Duff to serve one and one-half years on the Class D felony theft conviction.

In Cause No. 22, the trial court ordered Duff to serve four years of incarceration for each of the three Class C forgery convictions, with two years suspended on each count.  The trial court also ordered Duff to serve one and one-half years for each of the three Class D felony theft counts and the two Class D felony fraud counts.

In Cause No. 21, the trial court ordered Duff to serve four years of incarceration for Class C felony robbery.  The court also ordered Duff to serve one and one-half years of incarceration for Class D felony fraud.

The trial court ordered that the individual counts under each cause number be served concurrently.  However, the trial court further ordered that the sentences for each case be served consecutively, for an aggregate sentence of twenty-six years with eight years suspended with four of those years on formal probation.  Thus, the total executed sentence was eighteen years.

---

[7] The sentencing range for a Class C felony is two to eight years, with the advisory sentence being four years.  I.C. § 35-50-2-6.

[8] The sentencing range for a Class D felony is six months to three years, with the advisory sentence being one and one-half years.  I.C. § 35-50-2-7.

5

DISCUSSION AND DECISION

1.      Waiver

The State argues that Duff knowingly and voluntarily waived her right to appeal her sentence as part of her written plea agreement. In support of its argument, the State notes that Duff agreed in the written plea agreement that the sentence was "fair" and that the plea agreement "provided consequences if she appealed her sentence." (State's Br. at 10).

The written plea agreement provision upon which the State bases its argument provides as follows:

> The Defendant knowingly and voluntarily recognizes and admits that the sentence is fair according to the terms of this Plea Agreement. The Defendant hereby waives any future requests to petition [the trial court] for a reduction or suspension of sentence under I.C. 35-38-1-17 and/or for pre-sentence credit time. The parties agree that this Plea Agreement is repudiated by the defendant appealing the judgment and/or sentence imposed herein or petitioning the Court for post-conviction relief.[9] The [trial court] may set the judgment and/or sentence aside upon motion of the State after repudiation of this Plea Agreement by Defendant. The State may seek convictions for all crimes originally charged or which might have been charged in the present cause of action or any other cause of action dismissed pursuant to this Plea Agreement after repudiation by the Defendant.

(App. 33).

---

[9] In *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008), our Supreme Court noted that Indiana has a "longstanding policy that a defendant who can establish in a post-conviction proceeding that his plea was coerced or unintelligent is entitled to have his conviction set aside." Provisions in a plea agreement that attempt to waive the right to post-conviction relief are "void and unenforceable." *Id*. at 75-76. (citing *Majors v. State*, 568 N.E.2d 1065 (Ind. Ct. App. 1991).

A plea agreement is a contract, an explicit agreement between the State and the defendant that is binding upon the parties when accepted by the trial court. *Griffin v. State*, 756 N.E.2d 572, 574 (Ind. Ct. App. 2001), *trans. denied*. As such, the principles of contract law provide guidance in the interpretation of a plea agreement. *Id*. The primary goal of contract law is to give effect to the parties' intent; when the terms of a contract are clear and unambiguous, they are conclusive of that intent. *Id*. Terms of a contract are not ambiguous merely because a controversy exists between the parties concerning the proper interpretation of terms. *Valenzuela v. State*, 898 N.E.2d 480, 483 (Ind. Ct. App. 2008), *trans. denied*. Instead, ambiguity will be found in a contract only if reasonable people would find the contract subject to more than one construction. *Id*.

Here, the State admits in its argument that the plea agreement provides that Duff may suffer consequences if she appeals her sentence. The plain language of the plea agreement lists the possible consequences if Duff appeals her sentence. Clearly, the plea agreement would not provide such consequences if Duff waived her right to appeal. As such, we conclude that Duff has not waived her right to appeal.

2.    Inappropriate Sentence

Duff contends that the length of her drug offense sentence and the imposition of consecutive sentences combine to render her aggregate sentence inappropriate. She emphasizes that she committed the offenses to support a drug addiction, saved the court valuable time by pleading guilty, and suffered physical abuse from her husband.

7

The revision of a sentence is authorized by the Indiana Constitution through Indiana Appellate Rule 7(B), which provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In determining the appropriateness of a sentence, a court of review may consider any factors appearing in the record. *Schumann v. State*, 900 N.E.2d 495, 497 (Ind. Ct. App. 2009). The "nature of the offense" portion of the appropriateness review begins with the advisory sentence. *Anglemyer*, 868 N.E.2d at 491; *Richardson v. State*, 906 N.E.2d 241, 247 (Ind. Ct. App. 2009). The "character of the offender" portion of the sentence review refers to general sentencing considerations and the relevant aggravating and mitigating circumstances. *Major v. State*, 873 N.E.2d 1120, 1131 (Ind. Ct. App. 2007), *trans. denied*. A defendant bears the burden of persuading us that his sentence is inappropriate. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008).

With relation to the nature of the offenses, we agree with the trial court that the offenses were related to drug addiction.[10] On the other hand, Duff committed seventeen offenses involving six victims over a period of approximately fifteen months. The offenses resulted in charges in five different cases. She deceived at least two of the victims to obtain entrance into their homes so that she could steal their checks. Furthermore, she used violence to obtain the purse and credit card of another victim.

---

[10] However, we do not understand how the purchase of a personal computer with a stolen credit card is related to Duff's drug addiction.

With relation to the character of the offender, we agree with the trial court that Duff's guilty plea and victimization are important mitigating factors. On the other hand, we observe that Duff deceived seventy-five-year-old Jackson into letting her use his phone. She twice preyed on Rastbichler by first pleading with him to buy food for her children and then used the ruse of needing to use his phone. She also attempted to deceive Daggy before forcibly taking her purse. Further, Duff had thirteen prior misdemeanor convictions, which include convictions for possession of marijuana, theft, and intimidation.

In determining the sentences for individual offenses, the trial court considered Duff's guilty plea, drug addiction, and victimization in determining that advisory sentences with suspended portions were warranted. However, in determining whether the sentences for each case should run consecutively, the trial court apparently considered that Duff pled guilty to multiple offenses occurring over thirteen months and that there were multiple victims of her offenses. We cannot say that the nature of the offenses or the character of the offender render the trial court's imposition of consecutive sentences inappropriate. *See Sanquenetti v. State*, 727 N.E.2d 437, 443 (Ind. 2000) (holding that consecutive sentences are warranted when the defendant commits multiple criminal acts).

Affirmed.

ROBB, CJ, and MAY, J, concur.