**Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MATTHEW K. HAGENBUSH**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOSHUA BATCHELOR, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )  No.  15A01-1305-CR-274 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable James D. Humphrey, Special Judge
Cause No. 15D01-0106-CM-504
Cause No. 15D01-0104-FD-86
Cause No. 15E01-0001-DF-14

**February 25, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

In this consolidated appeal, Joshua Batchelor ("Batchelor") appeals the trial court's order denying his motions in three cases to release money held by the trial court as bond and cash obtained during a search of his home.

We affirm.

**Issue**

Batchelor contends that the trial court abused its discretion when it denied his motions to release:

1) money posted as bond; and

2) cash obtained from a search of his home in 2000.

**Facts and Procedural History**

On January 11, 2000, police served a search warrant on Batchelor's home. The search resulted in recovery of marijuana, drug paraphernalia, and $267 in cash.

On January 12, 2000, in Cause Number DF-014, Batchelor was charged with Dealing in Marijuana and Maintaining a Common Nuisance, each as Class D felonies.[1] On December 21, 2000, Batchelor pled guilty to Maintaining a Common Nuisance, as charged, and was sentenced to 631 days of probation.

On April 25, 2001, Batchelor was charged in Cause Number DF-086 with Obtaining a Legend Drug by Fraud, Deceit, Misrepresentation, or Subterfuge, as a Class D felony.[2] Also

---

[1] Ind. Code §§ 35-48-4-10 & 35-48-4-13.

[2] I.C. §§ 16-42-19-16(1) & 16-42-19-27(a).

on April 25, 2001, a petition for revocation of probation was filed in DF-014. Bond was set at $10,000 surety and $2,500 cash, concurrent across DF-014 and DF-086.

On June 7, 2001, Batchelor was charged in Cause Number CM-504 with Battery, as a Class A misdemeanor.[3] Bond in this case was set at $500 cash or surety. However, after additional charges arose, on September 5, 2001, a new bond hearing was conducted, and bond was set at $2,500 cash in all causes. Batchelor posted bond in all three cases on September 7, 2001.

Subsequent to this, Batchelor and the State negotiated a plea agreement on December 18, 2011. However, Batchelor failed to appear for the associated guilty plea hearing on January 15, 2002. A bench warrant was issued, pursuant to which Batchelor was rearrested on January 21, 2002.

Batchelor and the State negotiated another plea agreement. Under the agreement, on July 17, 2003, the State moved to dismiss CM-504 (the Battery charge) and DF-086 (the Obtaining a Legend Drug charge); these motions were granted on July 21, 2003. On August 14, 2003, the State moved to withdraw its petition to revoke Batchelor's probation in DF-014; that motion was granted August 15, 2003.

On October 13, 2003, Batchelor, proceeding pro se, filed a Petition for Return of Cash Bail in DF-014, and filed letters with the trial court clerk requesting return of the bail amounts posted in DF-086 and CM-504; the petition referred in its caption to all three causes. On December 17, 2003, the trial court ordered the clerk to forfeit the $2,500 cash bail in DF-

---

[3] I.C. § 35-42-2-1.

14 to the Common School Fund due to Batchelor's failure to appear at the guilty plea hearing on January 16, 2002.

On January 7, 2004, in DF-014, Batchelor, pro se, filed a Motion for Notice of Appeal/Motion Contesting Order. On February 19, 2004, Batchelor filed a motion to appeal order, seeking to appeal the trial court's order that forfeited the $2,500 cash bond. Batchelor also filed a petition to stay the effect of the order for forfeiture of the bond. On March 5, 2004, the State filed its opposition to Batchelor's Motion Contesting Order. On March 19, 2004, Batchelor, still pro se, filed a document captioned Petitioner's Traverse, wherein he admitted failing to appear at the January 16, 2002, guilty plea hearing, but contended that procedural errors mandated return of the cash bond.[4]

The trial court denied Batchelor's motion on March 24, 2004.

On April 4, 2004, Batchelor filed his Notice of Appeal. The same day, Batchelor filed a praecipe with the trial court, seeking a transcript of all hearings applicable to the bond matters. On August 31, 2004, Batchelor filed his verified petition for leave to proceed in forma pauperis.

On September 1, 2004, the Clerk of this Court notified Batchelor that his appeal would not be processed until he filed an Appellant's Case Summary; a copy of the required form was attached to the notice. On September 25, 2004, Batchelor sought a copy of his Notice of Appeal. On December 15, 2004, the trial court ordered the court reporter to

---

[4] A "traverse" is a form of pleading, presently no longer used, that served to deny facts alleged in an opponent's pleading. See e.g. State ex rel. Barrell v. Chrisman, 2 Ind. 126, 129 (1850).

prepare a transcript and record of the proceedings only as they pertained to the contested bond issue. On March 4, 2005, the transcript was mailed to Batchelor.

There was no further activity on any of the three causes in which Batchelor had posted bond until January 9, 2013, when the trial court denied a motion Batchelor filed pro se, seeking a copy of a search warrant. Several months later, on April 11, 2013, Batchelor filed a motion for return of property that had been seized from his home. That motion contended that property totaling $2,650 was illegally seized from his home.[5] Also on April 11, 2013, Batchelor filed a motion for release of bond.

On May 2, 2013, the trial court denied Batchelor's motions.

On May 20, 2013, Batchelor requested that the trial court appoint counsel for him, and filed a notice of appeal with the trial court. On May 29, 2013, the trial court appointed the State Public Defender to represent Batchelor. The State Public Defender moved to vacate the appointment on June 3, 2013, on the ground that it could not provide representation for individuals seeking release of property or bond. The trial court granted the State Public Defender's motion on June 5, 2013, and appointed other counsel for Batchelor at that time.

Batchelor pursued the instant appeal by filing notices of appeal and briefs under each of the three separate cause numbers. The State subsequently moved this Court to consolidate the three cases into a single cause; we granted that motion, and presently address as one case the issues raised in Batchelor's briefs.

---

[5] The contention of an illegal seizure was premised on the trial court's inability to provide Batchelor with a copy of the then thirteen-year-old search warrant. That warrant and the associated return appear in the Appendix associated with DF-014, which Batchelor submitted to this Court in the instant appeal. Batchelor does not contend on appeal that the cash was obtained through an illegal search.

**Discussion and Decision**

Batchelor appeals, claiming that the trial court erred when it denied his motions to release the $2,500 cash bond and $267 seized during the search of his residence. We address each matter in turn.

Release of Bond

Batchelor first contends that the trial court erred when it did not release the $2,500 bond posted in the three causes. He acknowledges in his briefs before this Court that he initially pursued this matter in 2003 and 2004, which resulted in forfeiture of his bond to the Common School Fund as a result of his failure to appear at his guilty plea hearing in January 2002. Nevertheless, Batchelor contends that the trial court did not follow the proper procedure for forfeiting the bond money to the Common School Fund, and he thus is presently entitled to relief. The State responds to this contention by arguing that Batchelor is barred from challenging forfeiture of the bond funds under the doctrine of res judicata.

The doctrine of res judicata bars litigation of a claim "after a final judgment has been rendered in a prior action involving the same claim between the same parties or their privies." MicroVote Gen. Corp. v. Ind. Election Comm'n, 924 N.E.2d 184, 191 (Ind. Ct. App. 2010), trans. denied. Res judicata—claim preclusion—as well as collateral estoppel— issue preclusion—exist to prevent repetitive litigation of the same dispute. Id. Four elements must be met for res judicata to bar litigation of a claim:

> 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior

6

action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

Id.

Neither side contests whether the trial court had jurisdiction over the disposition of the bond moneys. Neither party claims that the trial court's order addressed something other than the merits of the matter of the bond release. Batchelor concedes that the question at issue—whether the bond money should be released to him—was decided by the trial court in 2003 and 2004. And neither side argues that there are different parties associated with the question of the bond release.

Moreover, Batchelor failed in 2005 to perfect a timely appeal from the trial court's order denying his motion for release of the bond money. His present pursuit of the bond money is an attempt "to obtain a second bite of the apple by re-litigating an issue previously decided adversely to him and not reversed on appeal." Bosley v. State, 871 N.E.2d 999, 1001 (Ind. Ct. App. 2007). Thus, this issue is barred on the basis of res judicata.

### Release of Seized Property

Batchelor also contends that the trial court erred when it did not release to him the $267 in cash that was seized from his residence during the execution of the search warrant on January 11, 2000.

Indiana Code section 35-33-5-5 governs the disposition of items held as evidence after seizure by a law enforcement agency. Generally, property seized by law enforcement agencies is held by that agency under the order of the court trying an underlying cause. I.C. § 35-33-5-5(a). Property unlawfully obtained may be returned before trial. I.C. § 35-33-5-

7

5(b). After final disposition of an action, property that may be lawfully possessed "shall be returned to its rightful owner, if known." I.C. § 35-33-5-5(c)(1). If the rightful owner is not known, law enforcement shall make reasonable efforts to identify the owner. Id. If, after ninety days from the time that the rightful owner has been notified to take possession or that effort has been made to determine rightful ownership of the property, the seized property may be disposed of at a public auction, with the proceeds to be paid into the county general fund. Id. Property that is illegal to own shall be destroyed sixty days after final disposition of the case. Id.

Here, Batchelor pled guilty in DF-014, the underlying cause number in which the $267 in cash was held as evidence. The plea agreement, which the trial court adopted, provides:

9.      (x) Evidence seized in this cause of action shall be:

( ) released to Defendant;

( ) released to _____;

(x) destroyed by the law enforcement agency in possession thereof.

(App'x DF-014 at 27.)

A plea agreement is in the nature of a contract between a defendant and the State. Valenzuela v. State, 898 N.E.2d 480, 482 (Ind. Ct. App. 2008), trans. denied. The parties who agree to enter into a plea agreement are bound by its terms, and we interpret such agreements pursuant to contract law principles. Id.

In derogation of the provisions of the statute, Batchelor entered into a plea agreement with the State. The trial court accepted the agreement. That agreement provided that the

8

evidence seized—which evidence included the $267 in cash from the service of the warrant—would be destroyed. Batchelor does not now contend that this provision was illegal or otherwise unenforceable.

Thus, Batchelor, having agreed to the terms of the plea agreement, also agreed to the destruction of the cash seized from his residence. While on appeal Batchelor expresses incredulity that the State might destroy seized cash, there is no evidence in the record to indicate that anything else occurred.[6] And while Batchelor contends that "law enforcement should not be permitted to profit from seizure … unless such funds are proven to be the proceeds of illegal activity," (DF-014 Br. at 7) there is no evidence in the record that there was any disposition of the $267 other than destruction under the plea agreement. We accordingly find no error in the trial court's denial of Batchelor's request that the $267 seized on January 11, 2000, be returned to him.

**Conclusion**

Batchelor's request for the disbursement of the bond money was barred as <u>res judicata</u>. The trial court did not err when it denied Batchelor's motion for return of property seized during a search of his home.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.

---

[6] I.C. § 35-33-5-5(g) provides that certified records of the destruction or other disposition of seized property must be maintained. The record and appendices on appeal do not reveal any effort on Batchelor's part to obtain such certified records.