

FILED

Mar 31 2015, 10:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Derick W. Steel
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jacqueline A. Jackson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 31, 2015

Court of Appeals Case No.
34A04-1409-CR-455

Appeal from the Howard Superior
Court

The Honorable William C. Menges,
Jr., Judge

Cause No. 34D01-1201-FB-30

**Najam, Judge.**

## Statement of the Case

[1]     Jacqueline Jackson appeals the trial court's revocation of her probation. Jackson raises a single issue for our review, namely, whether the State presented sufficient evidence to support the revocation of her probation. We reverse.

## Facts and Procedural History

[2] On October 10, 2012, Jackson pleaded guilty to neglect of a dependent, as a Class D felony. The trial court sentenced Jackson to 548 days, with eighteen days executed and 530 days suspended to probation. One condition of her probation read as follows: "Violation of any law (city, state, or federal) is a violation of your probation; within forty-eight (48) hours of being arrested or charged with a new criminal offense, you must contact your Probation Officer." Appellant's App. at 30.

[3] While on probation, on February 19, 2014, Jackson was arrested and charged with having committed child molesting in January 2012, before she had been sentenced and placed on probation in the instant matter. Jackson did not notify her probation officer about her arrest until thirty days later. In the meantime, on March 7, 2014, the State filed a notice of probation violation alleging only that Jackson did not timely notify her probation officer about her February 19 arrest.

[4] On August 28, 2014, the court held a fact-finding hearing on the State's notice of probation violation. Jackson's probation officer, Jeremie Lovell, testified that Jackson did not notify him of the arrest until thirty days after the arrest had occurred, and Jackson did not dispute that testimony. Lovell also testified that Jackson did not commit a new crime while on probation. Nonetheless, the State argued that Jackson was required to notify Lovell "within 48 hours of being arrested" regardless of when the alleged offense had occurred. Tr. at 19. But Jackson argued that she was only required to notify Lovell of any arrests

arising from criminal offenses she had committed during the probationary term. Thus, Jackson alleged that she had not violated her probation.

[5] At the conclusion of the fact-finding hearing, the trial court found that Jackson had violated the condition of her probation as alleged in the State's notice of probation violation. Accordingly, the court revoked Jackson's probation and ordered her to serve 194 days in the Department of Correction. The trial court also ordered Jackson to serve an additional 365 days on probation thereafter. This appeal ensued.

## Discussion and Decision

[6] On appeal, Jackson contends that the State presented insufficient evidence to support her probation revocation. In determining whether there is sufficient evidence to support a probation revocation, we use the same standard of review as with any other sufficiency matter. *Martin v. State*, 813 N.E.2d 388, 389 (Ind. Ct. App. 2004). We will consider only the evidence most favorable to the State, along with the reasonable inferences to be drawn therefrom. *Id.*

[7] Jackson contends that, because she allegedly committed the child molesting in January 2012, and her probation did not begin until October 2012, she was not required to report the February 2014 arrest to Lovell. Again, the relevant probation condition provides as follows: "Violation of any law (city, state, or federal) is a violation of your probation; within forty-eight (48) hours of being arrested or charged with a new criminal offense, you must contact your Probation Officer." Appellant's App. at 30. In essence, Jackson asserts that,

because she allegedly committed the underlying criminal offense in January 2012, that alleged offense is not a new criminal offense for purposes of her probation agreement, and, as such, the reporting requirement does not apply.

[8] The State maintains that "[t]he grammatical structure of the probation term creates two independent duties—first, to abstain from illegal activity, and second, to report any new arrests or charges." Appellee's Br. at 6. In other words, the State asserts that the reporting requirement is independent of the requirement that Jackson abstain from illegal activity. Thus, the State reads the reporting requirement to compel Jackson to report *any* arrests that occur and *any* charges that are brought against her while she is on probation. We cannot agree with the State's reading of the probation condition.

[9] In conjunction with her guilty plea, Jackson agreed to abide by certain probation conditions.[1] Our courts have long held that plea agreements are in the nature of contracts entered into between the defendant and the State. *Valenzuela v. State*, 898 N.E.2d 480, 482 (Ind. Ct. App. 2008). As such, we look to principles of contract law when construing a plea agreement. *Id.* The primary goal of contract interpretation is to give effect to the parties' intent. *Id.* When the terms of a contract are clear and unambiguous, they are conclusive of that intent, and the court will not construe the contract or look to extrinsic

---

[1] On October 25, Jackson read and signed a document entitled "Rules of Probation" in open court. *Id.* at 7. While Jackson did not include a copy of the Rules of Probation in her appendix on appeal, the parties do not dispute either that the challenged probation condition was included in that agreement or that her plea agreement incorporated those rules.

evidence. *Id.* at 483. Rather, we will merely apply the contractual provisions. *Id.* Terms of a contract are not ambiguous merely because a controversy exists between the parties concerning the proper interpretation of terms. *Id.* Instead, ambiguity will be found in a contract only if reasonable people would find the contract subject to more than one construction. *Id.* We construe any contract ambiguity against the party who drafted it, which, in this case, is the State. *See, e.g.*, *id.*

[10] We agree with Jackson that the probation condition at issue in this case is ambiguous. The condition is comprised of two clauses separated by a semicolon. A semicolon is used to join two *closely related* independent clauses. *See* Andrea Lunsford & Robert Connors, The Everyday Writer 204 (1999). The two clauses would be independent and *unrelated* if they had been separated by a period.

[11] The first clause plainly states that Jackson shall not violate any law. The second clause required Jackson to contact her probation officer "within forty-eight (48) hours of *being arrested or charged with a new criminal offense*." Appellant's App. at 30 (emphasis added). Because the second clause is related to the first clause, this reporting requirement is not entirely independent, and it is reasonable to interpret the second clause to mean that, if the probationer violates a law during the probationary period and gets arrested or charged for that offense, she must notify the probation officer. Indeed, the term "new criminal offense" in the second clause refers to the first clause's prohibition against the violation of any law.

[12]     Further, the wording of the second clause renders its meaning ambiguous because the phrase "with a new criminal offense" can be read to apply both to "being arrested" and "charged" or only to "charged." In other words, it is unclear whether Jackson was required to report any arrest or only an arrest arising from a new criminal offense. While a defendant is typically arrested *for* an offense and charged *with* an offense, it is not unreasonable to read the condition here to require notification of an arrest only when the defendant has committed a new criminal offense while on probation.[2]

[13]     We reject the State's contention that a "new criminal offense" unambiguously includes "any crime for which one is first arrested during one's probationary period." Appellee's Br. at 8. Webster's Third New International Dictionary, 1522 (2002), defines "new" as "having existed . . . but a short time: *having originated or occurred lately*: not early or long in being: RECENT[.]" (Emphasis added). Under that definition, a new criminal offense could mean an offense that comes to light for the first time during the probationary period. But it could just as reasonably mean only an offense that occurs during the probationary period, especially given the general rule that to violate one's probation, one must perform some prohibited act, or fail to perform some required action, during the period of probation. *See, e.g.*, *C.S. v. State*, 817 N.E.2d 1279, 1281 (Ind. Ct. App. 2004). In other words, conditions of

---

[2]  It has long been established that an arrest alone does not warrant the revocation of probation. *Martin*, 813 N.E.2d at 390.

probation are prospective and do not relate back to a defendant's conduct prior to the probationary period. But under the State's interpretation of the condition here, a prior criminal offense can be deemed a "new criminal offense." It seems illogical for the conditions of a probation order to relate back to conduct that occurred prior to the order. Nevertheless, the condition could have been unambiguously written to require that Jackson report any arrest, even an arrest based on an "old criminal offense" that first manifests itself during the probationary period. But it was not.

[14] Again, we construe any ambiguity against the State. *See Valenzuela*, 898 N.E.2d at 483. Accordingly, we construe the condition of probation at issue here to mean that Jackson was only required to notify Lovell of any arrests resulting from alleged offenses committed after she began her probation.

[15] The State did not present sufficient evidence to show that Jackson violated the conditions of her probation. We hold that the trial court erred when it revoked Jackson's probation.

[16] Reversed.

Mathias, J., concurs.

Bradford, J., dissents with separate opinion.

**Bradford, Judge, dissenting.**

[17]    Because I believe that the State presented sufficient evidence to prove that Jackson violated the terms of her probation, I respectfully dissent from the majority's conclusion otherwise.

[18]    The terms of Jackson's probation are as follows: "Violation of any law (city, state, or federal) is a violation of your probation; within forty-eight hours of being arrested or charged with a new criminal offense, you must contact your Probation Officer." Appellant's App. p. 30. The language of the probation term creates two independent duties—first, to abstain from illegal activity, and second, to report any new arrests or charges. Stated differently, the reporting requirement is independent of the requirement that Jackson abstain from illegal activity. Based upon this requirement, Jackson violated the terms of her probation by waiting approximately thirty days to inform her probation officer that she had been arrested and charged with a new crime on February 19, 2014.

[19]    Although the underlying criminal actions that are alleged in the new criminal charges may have taken place prior to the date that Jackson was placed on probation in the instant matter, Jackson was not alleged to have violated the terms of her probation by committing a new criminal act. Rather, Jackson was alleged to have violated the terms of her probation by failing to comply with the requirement that she notify her probation officer within forty-eight hours of

being arrested for or charged with a new criminal offense. The specific language setting forth the notice requirement, which again is separate from the requirement that one not commit a new criminal act, is not specifically limited to arrests or charges relating to criminal acts occurring after the probationary term began.

[20]
> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citations and quotation marks omitted). A condition of probation which requires a probationer to notify her probation officer upon arrest or being charged with a new criminal offense serves the State's legitimate interest in monitoring and supervising a probationer. Based upon a fair and plain reading of the probation condition that is at issue in this case, the State presented sufficient evidence to prove that Jackson had violated the terms of her probation by failing to notify her probation officer within forty-eight hours of being arrested for and charged with child molesting. Accordingly, I would therefore vote to affirm the judgment of the trial court.