## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 05 2018, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gregory Rader,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 5, 2018

Court of Appeals Case No.
48A05-1709-CR-2092

Appeal from the Madison Circuit Court

The Honorable Thomas Newman, Jr., Judge

Trial Court Cause No.
48C03-1505-F5-735 & 48C03-1603-F5-428

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Gregory Rader, appeals the trial court's imposition of a sentence after being found ineligible to participate in Drug Court.

We affirm.

# ISSUE

Rader presents us with one issue on appeal, which we restate as: Whether the trial court violated the plea agreement by imposing a sentence after Rader became ineligible to participate in Drug Court.

# FACTS AND PROCEDURAL HISTORY

On May 18, 2015, the State filed an Information, charging Rader with a Level 5 felony operating a vehicle after forfeited for life; a Class A misdemeanor operating a vehicle with a BAC over .15; and a Class C misdemeanor operating a vehicle while intoxicated under Cause Number 48C03-1505-F5-735 (F5-735). On December 21, 2015, Rader pled guilty as charged, but sentencing was stayed pending a referral to the Madison County Drug Court. At the time of the referral, Rader was serving a sentence on home detention out of Hamilton County. Under the terms of the plea agreement entered into in F5-735, he was to report to the Madison County Drug Court for evaluation after he completed serving the Hamilton County sentence. Pursuant to the terms of the plea:

> Sentencing shall be stayed and the Defendant referred to the
> Madison County Drug Court Program. If the Defendant
> successfully completes (graduates) Drug Court, the charges

herein shall be dismissed. If the Defendant fails to graduate from Drug Court *for any reason*, sentencing shall be open to the [c]ourt. The Defendant shall start Drug Court after serving his current home detention in Hamilton County.

(Appellant's App. Vol. II, pp. 38-39) (emphasis added).

[5] On March 2, 2016, the State filed another Information, charging Rader with a Level 5 felony operating a vehicle after forfeited for life under Cause Number 48C03-1603-F5-428 (F5-428). On August 24, 2016, Rader entered into the same plea agreement with the State to resolve the F5-428 case: he pled guilty as charged in exchange for a stayed sentenced and a referral to the Madison County Drug Court. Again, the agreement specified that "If the Defendant successfully completes (graduates) Drug Court, the charges herein shall be dismissed. If the Defendant fails to graduate from Drug Court *for any reason*, sentencing shall be open to the [c]ourt." (Appellant's App. Vol. II, pp. 83-84) (emphasis added). Rader was scheduled to complete his Hamilton County sentence in December 2016, at which point he was to report to the Drug Court.

[6] On December 22, 2016, the Drug Court notified the trial court that Rader was ineligible for participation in its program because he did not reside in the county. Rader refused to move to Madison County, informing the Drug Court that it would present an undue hardship on him. On January 30, 2017, the trial court conducted a sentencing hearing at which Rader failed to appear and a warrant was issued for his arrest. Rader remained at large for the next eight months.

[7] During the sentencing hearing on August 14, 2017, Rader requested the trial court for another opportunity to participate in the Drug Court program. The trial court noted that it was "just totally unbelievable" that Rader had refused to comply with the eligibility requirements of the program, and that he "has been out running around for eight (8) months after thumbing his nose at the [c]ourt and his opportunity to do Drug Court." (Transcript pp. 62-63). The trial court imposed an aggregate sentencing of six years in F5-735, and a six-year sentence in F5-428, with the sentences in the two causes to run consecutively.

[8] Rader now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[9] Rader contends that the trial court violated the plea agreement by imposing a sentence where the language of the plea agreement was ambiguous. Initially we note that Rader never asserted the ambiguity of the plea agreement's terms as a basis for his request to give him a second opportunity to comply with the requirements of the Drug Court. "[A] trial court cannot be found to have erred as to an issue or argument that it never had an opportunity to consider." *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004). Therefore, as a general rule, a party may not present an argument or issue on appeal unless the party raised that argument or issue for the trial court. *Id.* In such circumstances the argument is waived. *Id.*

[10] Waiver notwithstanding, we will address Rader's argument on its merits. Our courts have long held that plea agreements are in the nature of contracts entered

into between the defendant and the State.  *Lee v. State*, 816 N.E.2d 35, 38 (Ind. 2004).  That is:

> [a] plea agreement is contractual in nature, binding the defendant, the state, and the trial court.  The prosecutor and the defendant are the contracting parties, and the trial court's role with respect to their agreement is described by statute:  if the court accepts the plea agreement, it shall be bound by its terms.

*Id*.  As such, we will look to principles of contract law when construing plea agreements to determine what is reasonably due to the defendant.  *Id*.  The primary goal of contract interpretation is to give effect to the parties' intent.  *Valenzuela v. State*, 898 N.E.2d 480, 482 (Ind. Ct. App. 2008), *trans. denied*.  When the terms of a contract are clear and unambiguous, they are conclusive of that intent, and the court will not construe the contract or look to extrinsic evidence.  *Id*. at 483.  Rather, we will apply the contractual provisions.  *Id*.  Terms of a contract are not ambiguous merely because a controversy exists between the parties concerning the proper interpretation of terms.  *Id*.  Instead ambiguity will be found in a contract only if reasonable people would find the contract subject to more than one construction.  *Id*.  We construe any contract ambiguity against the party who drafted it, which, in the case of plea agreements, is the State.  *Id*.

[11]  Rader's plea agreement required him to enter the Madison County Drug Court program and, upon successful completion of the program, all charges in the plea agreement would be dismissed.  However, if Rader failed "to graduate from Drug Court *for any reason*, sentencing shall be open to the court."

(Appellant's App. Vol. II, pp. 38-39, 83-84) (emphasis added). Rader now posits that "[t]he plea agreement lacked precision and is silent as to what is to happen if Rader is not accepted into the program or deemed ineligible." (Appellant's Br. p. 13). Because of this perceived ambiguity and lack of specifics, Rader requests the parties to be returned "to their former positions and have an opportunity to negotiate a new plea agreement." (Appellant's Br. p. 14). We disagree.

[12] The plea agreement clearly states that if Rader fails to graduate from the Drug Court program for any reason, sentencing shall be open to the trial court. As such, acceptance into the program is a precondition to graduate. At this point, Rader's failure to graduate is definite as he refused to relocate and thus he is no longer eligible to participate in the program. Under the terms of the plea agreement, the reason for Rader's failure to graduate is immaterial as "any reason" is sufficient to trigger the trial court's sentencing discretion. Furthermore, due to his refusal to relocate, Rader was the only one responsible for his failure to graduate from the program. Rader never presented any evidence that he misunderstood that his refusal to relocate would make him ineligible for participation in the Drug Court, had requested additional time to relocate, or presented circumstances outside of his control that prevented him from accepting the Drug Court's eligibility requirements. Moreover, rather than presenting himself to the trial court upon his refusal to comport to the requirements of the Drug Court, Rader absconded and failed to appear for his sentencing hearing, spending the next eight months at large while the record

reflects that he was aware that a warrant had been issued for his arrest. Rader's argument that "the [t]rial [c]ourt knew at the time of [p]lea [a]greement [] that Rader was living in another county" is unavailing as Rader himself negotiated the terms of the plea and the trial court merely accepted the bargain he struck with the State. (Appellant's Br. p. 14). Equally without merit is Rader's claim that he was not afforded due process "when facing termination of participation in a drug court program." *Gosha v. State*, 931 N.E.2d 432, 434-35 (Ind. Ct. App. 2010). These rights apply when there has been a "violation of at least one of the conditions of the participation agreement." *See* Ind. Code § 33-23-16-14.5. However, here, Rader, by his own refusal, never entered into a participation agreement with the Drug Court, let alone violated one of the conditions of the participation agreement. Accordingly, we cannot conclude that the trial court violated the terms of the plea agreement by sentencing Rader.

## CONCLUSION

Based on the foregoing, we hold that trial court did not violate the terms of the plea agreement by imposing a sentence after Rader became ineligible for Drug Court.

Affirmed.

May, J. and Mathias, J. concur