ATTORNEYS FOR APPELLANT
Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Stephen R. Creason
Angela N. Sanchez
Deputy Attorneys General

ATTORNEY FOR APPELLEE
Adam J. Sedia
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

# In the
# Indiana Supreme Court



FILED
Mar 28 2017, 2:09 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 45S05-1611-CR-572

STATE OF INDIANA,

*Appellant (Plaintiff below),*

v.

WALLACE IRVIN SMITH, III,

*Appellee (Defendant below).*

Appeal from the Lake Superior Court, No. 45G02-0002-CF-24
The Honorable Clarence D. Murray, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 45A05-1507-CR-945

**March 28, 2017**

**Massa, Justice.**

After pleading guilty to Class D felony theft, Wallace Irvin Smith, III entered into a plea agreement, which provided he would be "precluded from asking for Misdemeanor treatment." At that time, trial courts could convert sentences only at the time of sentencing. However, in 2012, the Indiana General Assembly amended Indiana Code section 35-50-2-7, allowing sentences to be converted after they had been entered, subject to certain requirements. In 2015, Smith petitioned

the trial court to convert his Class D felony to a Class A misdemeanor pursuant to the amended statute, which the trial court granted. We find that this subsequent legislative amendment did not alter the unambiguous terms of Smith's plea agreement, and reverse the trial court.

## Facts and Procedural History

In 2000, Smith was charged with Class B felony robbery, but he eventually pled guilty to Class D felony theft. As part of his plea agreement with the State, Smith agreed that he would be "precluded from asking for Misdemeanor treatment *in this cause*." Appellant's App. at 8 (emphasis added). The trial court accepted the agreement, and entered conviction. Smith was then sentenced to one year probation. Upon completing his probation requirements in 2002, Smith was satisfactorily discharged.

In 2015, Smith filed a "Verified Petition for Misdemeanor Treatment," seeking to convert his Class D felony conviction to a Class A misdemeanor under Indiana Code section 35-50-2-7(d). Appellant's App. at 14. Over the State's objection, the trial court granted Smith's petition, vacated his felony, and re-entered conviction as a Class A misdemeanor.

The State appealed, and our Court of Appeals affirmed. State v. Smith, 58 N.E.3d 224 (Ind. Ct. App. 2016). This Court granted the State's petition to transfer, thereby vacating the opinion of the Court of Appeals. State v. Smith, 62 N.E.3d 1202 (Ind. 2016) (table); Ind. Appellate Rule 58(A).

## Standard of Review

The terms of a plea agreement between the State and the defendant are contractual in nature. Lee v. State, 816 N.E.2d 35, 38 (Ind. 2004). When a trial court accepts a plea agreement,

it is bound by its terms.  Berry v. State, 10 N.E.3d 1243, 1246 (Ind. 2014).  As such, we are guided by contract interpretation principles, beginning with the agreement's plain language and determining the intent of the parties at the time the plea was entered.  Id. at 1247 (citing Citimortgage, Inc. v. Barabas, 975 N.E.2d 805, 813 (Ind. 2012) ("The ultimate goal of any contract interpretation is to determine the intent of the parties at the time that they made the agreement.")).  To the extent issues of statutory interpretation are relevant, our standard of review is *de novo*.  Day v. State, 57 N.E.3d 809, 811 (Ind. 2016).

### The Unambiguous Terms of Smith's Plea Agreement Precluded Converting His Sentence Under Amended Indiana Code Section 35-50-2-7(d).

The State argues that intervening statutory changes do not invalidate a plea agreement's unambiguous and binding terms.  Smith contends, however, that he could not have waived a right that did not exist at the time he entered into the agreement.

At the time Smith entered into his plea agreement, Indiana Code section 35-50-2-7 provided that "if a person has committed a Class D felony, the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly."  Ind. Code § 35-50-2-7(b) (1998).[1]  We later held that this language limited the trial court's authority to modify sentencing "to the moment the trial court first entered its judgment of conviction and before the trial court announced its sentence."  State v. Brunner, 947 N.E.2d 411, 416 (Ind. 2011).  However, we noted

---

[1] This provision was first enacted in 1976, with virtually identical text to the version in effect in 2000.  See 1976 Ind. Acts 791 ("[I]f a person has committed a Class D felony, the court may enter judgment of conviction of a Class A misdemeanor and impose sentence accordingly.").

3

that "it may be equitable and desirable for the legislature to give a trial court discretion in modifying a conviction years later for good behavior . . . ." Id. at 417.

In 2012, the General Assembly amended Indiana Code section 35-50-2-7, adding that "the sentencing court may convert a Class D felony conviction to a Class A misdemeanor conviction" after receiving a verified petition, conducting a hearing, and making specific findings. 2012 Ind. Acts 1027; see also Ind. Code §§ 35-50-2-7(c), (d) (Supp. 2012). Our courts found this revision to be a direct response to Brunner: "[I]t seems clear that the General Assembly has adopted a policy wherein trial courts can reward good behavior by removing the stigma of certain Class D felony convictions." Alden v. State, 983 N.E.2d 186, 189 (Ind. Ct. App. 2013). Thus, in the intervening time after Smith entered into his plea agreement with the State, the legislature granted trial courts the authority to modify convictions after sentences had already been entered. And pursuant to Indiana Code section 35-50-2-7(d), Smith filed a verified petition seeking to convert his Class D felony to a Class A misdemeanor.

We must therefore determine whether the language of Smith's plea agreement foreclosed the possibility of sentence conversion. Specifically, the agreement provided he was "precluded from asking for Misdemeanor treatment in this cause." Appellant's App. at 8. Our interpretation of Smith's plea agreement is guided by contract principles. Berry, 10 N.E.3d at 1246. If the terms are unambiguous, we will apply them accordingly. Valenzuela v. State, 898 N.E.2d 480, 483 (Ind. Ct. App. 2008). Terms do not become ambiguous merely because the parties disagree as to their proper interpretation. Id. Rather, terms are ambiguous "'if a reasonable person would find the contract subject to more than one interpretation.'" Citimortgage, Inc., 975 N.E.2d at 813 (quoting Fackler v. Powell, 891 N.E.2d 1091, 1096 (Ind. Ct. App. 2008)). Ambiguities are construed against the drafter; in this case that is the State, which prepared the plea agreement. Valenzuela, 898 N.E.2d at 483.

We find the terms of Smith's plea agreement unambiguous. The phrase "asking for Misdemeanor treatment" plainly encompasses and is understood to include sentence conversions.

4

While statutory amendments creating Indiana Code section 35-50-2-7(d) offered trial courts flexibility they did not previously have in the *timing* for converting sentences, this change did not create a new type of "misdemeanor treatment," because the trial court is granting precisely the same relief. As such, by filing a verified petition to convert his Class D felony to a Class A misdemeanor, Smith sought the very remedy he waived. The General Assembly's later amendment to Indiana Code section 35-50-2-7 did not alter this. Indeed, the language of Smith's waiver, "in this cause," indicates no temporal limit as to his waiver of sentence conversion.

Moreover, the legislature knows how to prevent waivers in plea agreements, and has specifically done so before. See Ind. Code § 35-38-1-17(l) (Supp. 2016) ("A person may not waive the right to sentence modification under this section as part of a plea agreement"); see also Ind. Code § 35-38-9-11(a) (2014) ("A person may not waive the right to expungement under this chapter as part of a plea agreement"). However, the General Assembly has not prevented waiver under Indiana Code section 35-50-2-7. Precluding sentence conversion is thus a tool the State may use to strike a deal with defendants. To allow Smith to later file for sentence conversion under a statute that has been procedurally amended, but provides the same remedy, would deny the State the benefit of its bargain. Accordingly, the trial court exceeded its authority when it later granted Smith's "Petition for Misdemeanor Treatment," circumventing the agreement's terms.

**Conclusion**

For the foregoing reasons, we reverse the trial court, and remand for further proceedings consistent with this opinion.

Rush, C.J., and Rucker, David, and Slaughter, JJ., concur.