


FILED

Apr 02 2019, 11:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 18S-CR-538

## Nathaniel Bennett,
*Appellant (Defendant below),*

—v—

## State of Indiana,
*Appellee (Plaintiff below).*

---

Argued: November 20, 2018 | Decided: April 2, 2019

Appeal from the Marion Superior Court
No. 49G04-1509-F4-34803
The Honorable Lisa Borges, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 18A-CR-71

---

**Opinion by Justice David**

Chief Justice Rush and Justice Goff concur.

Justice Massa and Justice Slaughter dissent without separate opinion,
believing transfer should have been denied.

## David, Justice.

At issue in this case is whether there is sufficient evidence that Bennett violated a Community Corrections placement condition by possessing obsence matter. Because the trial court made factual findings that negate one part of the statutory definition required to prove the violation, we reverse and remand.

## Facts and Procedural History

In 2016, Defendant, Nathaniel Bennett, pled guilty to Level 4 felony sexual misconduct with a minor and was sentenced to seven years on community corrections, with three years suspended to sex offender probation. As a condition of Bennett's placement in community corrections, he was prohibited from possessing obscene matter as defined by Indiana Code § 35-49-2-1.

In 2017, community corrections officers performed a compliance check at Bennett's home. There they found a cell phone containing pictures of Bennett as well as pictures of a naked woman and videos with a man and a woman engaging in sexual intercourse. Thereafter, the State filed a notice of a community corrections violation alleging that Bennett had possessed obscene matter.

At an evidentiary hearing, the State submitted copies of the allegedly obscene photos and video from Bennett's phone. After the arguments of counsel, the trial court stated in relevant part:

> I'm convinced by a preponderance of the evidence that the Defendant was possessing the phone and that he knew what was on it. So having done -- having made that finding, I do believe the State's met their burden and would find the Defendant in violation.

(Tr. 76.) Then approximately two weeks later, at the sentencing hearing, the court reviewed the definition of obscene matter and stated:

I don't find that paragraph two is necessarily met because apparently it was between consenting people. But the Defendant knew well what he was doing. And the only reason to take those kind of pictures is to review them later. There's no other reason. So you know, clearly he was a party to it and knew it was happening. And he's been found in violation.

(Tr. 95.)

The community corrections portion of Bennett's sentence was then revoked, and he was ordered to serve four years in the Department of Correction.

Bennett appealed arguing that because the trial court expressly stated that not all parts of the obscene matter definition were met, the evidence was insufficient to support revocation of his probation, citing *Kribs v. State*, 917 N.E.2d 1249 (Ind. Ct. App. 2009). The Court of Appeals affirmed the trial court finding that *Kribs* was inapplicable and there was sufficient evidence to support the revocation of Bennett's probation. Bennett petitioned for transfer, which we granted. Ind. Appellate Rule 58(A).

## Standard of Review

The standard of review for revocation of a community corrections placement is the same standard as for a probation revocation. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). A trial court's decision that a violation occurred is reviewed for abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 185 (Ind. 2007). An abuse of discretion is when the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

## Discussion and Decision

As part of the community corrections placement, Bennett was prohibited from possessing obscene material as defined by Indiana Code § 35-49-2-1, which provides:

> A matter or performance is obscene for purposes of this article if:
>
> (1) the average person, applying contemporary community standards, finds that the dominant theme of the matter or performance, taken as a whole, appeals to the prurient interest in sex;
>
> (2) the matter or performance depicts or describes, in a patently offensive way, sexual conduct; and
>
> (3) the matter or performance, taken as a whole, lacks serious literary, artistic, political, or scientific value.

Thus, in order to revoke Bennett's probation, the court would need to find that the images and video on Bennett's phone met this statutory definition.

Here, the trial court made conflicting statements about whether this definition was met. On the one hand, the court stated: "I do believe the State's met their burden and would find the Defendant in violation." (Tr. 76.) But then during sentencing the trial court stated: "I don't find that paragraph two is necessarily met . . . ." (Tr. 95.) Even though the court ultimately found Bennett in violation and the statement about the definition not necessarily being met might have been an imprecise one, in light of our case law, this requires reversal.

*Kribs v. State*, 917 N.E.2d 1249 (Ind. Ct. App. 2009) is instructive. In that case, Kribs was charged with entering a controlled area of the airport with a firearm. *Id*. at 1250. After a bench trial, Kribs was found guilty as charged. *Id.* However, at sentencing the court made a statement that negated the mens rea element necessary to prove the crime:

> I think that it may very well be in this case where [Kribs] did not understand, or he didn't remember because [the handgun is] such a part of his equipment, his life, his being every day, that he puts on just like he puts on his tie or his socks or something. I don't think there was malicious intent.

*Id. (emphasis omitted).*

Our Court of Appeals determined that the State failed to prove the required mens rea and reversed Kribs's conviction. *Id*. at 1251. The panel noted that "[h]ad the trial court remained silent, we would likely have affirmed Kribs's conviction." *Id.*

Although *Kribs* was not a probation matter and involved mens rea while this case does not, the same logic applies here. That is, in both cases, the trial court made a finding at sentencing which contradicted its judgment because it negated one of the elements, or here, the definition required to prove the crime or violation. In *Kribs*, this required reversal of defendant's conviction. The same result is required here. Had the trial court not made the statement at sentencing that it did not believe part of the obscene matter definition was necessarily met, we would be in a different position. But under the circumstances, we cannot say the evidence is sufficient to revoke Bennett's probation for possession of obscene matter. Unfortunately, here we have a well-respected trial court judge who inadvertently negated part of the definition necessary to find a violation.

## Conclusion

We reverse the trial court's finding that Bennett violated a term of his community corrections placement and remand for the trial court to change the record accordingly.[1]

Rush, C.J., and Goff, J. concur.
Massa and Goff, JJ. dissent without separate opinion believing transfer should have been denied.

---

[1] We acknowledge that the State filed a Notice indicating Bennett has been released from the Department of Correction and argues this matter is moot. But to the extent that violating probation is now part of Bennett's record and has future impact on him, we remand to correct that.

ATTORNEYS FOR APPELLANT
Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana