## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 22 2020, 10:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Miriam Huck
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Melissa L. Schultheis,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 22, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2276<br><br>Appeal from the Bartholomew<br>Circuit Court<br><br>The Honorable Kelly S. Benjamin,<br>Judge<br><br>Trial Court Cause No.<br>03C01-1305-FC-3103 |

**Najam, Judge.**

# Statement of the Case

Melissa L. Schultheis appeals the trial court's revocation of her probation and order for her to serve ten years of her previously suspended sentence. Schultheis raises the following two issues for our review:

> 1. Whether the trial court abused its discretion when it revoked her probation.
>
> 2. Whether the trial court abused its discretion when it ordered her to serve ten years of her previously suspended sentence.

We affirm.

# Facts and Procedural History

In November of 2008, Schultheis pleaded guilty to ten counts of Class D felony theft. The trial court accepted her guilty plea and sentenced her to an aggregate term of fifteen years, all of which the court suspended to probation. The court further ordered Schultheis to pay approximately $92,000 in restitution.

In October of 2011, the State filed its first petition to revoke Schultheis's probation due to her failure to pay restitution. However, the State later moved to dismiss that petition when Schultheis became current on her restitution payments. Thereafter, the State filed a second petition to revoke. At an ensuing fact-finding hearing in 2017, Schultheis admitted to violating the terms of her probation by not keeping up with her restitution payments. The court ordered Schultheis to serve thirty days in the Bartholomew County Jail and

extended the term of her probation through the end of 2027. In August of 2017 and July of 2018, the State filed additional petitions to revoke Schultheis's probation, but both of those petitions were eventually dismissed.

In March of 2019, the State filed another petition to revoke. Among other things, the State's March 2019 petition alleged that Schultheis had committed forgery, perjury, and obstruction of justice when she submitted to the court and her probation officer a falsely written doctor's note that attempted to excuse her from complying with her community service requirement and her requirement to maintain employment, and, by extension, make her restitution payments.

At the ensuing fact-finding hearing on the State's March 2019 petition, Schultheis's probation officer testified as follows:

> Q [by the State].  Okay I'm going to hand you what's been marked as State's Exhibit 6 . . . .
>
> * * *
>
> Q.  Can you tell me what that is?
>
> A.  This is a letter excusing [Schultheis] . . . from work.
>
> * * *
>
> Q.  Okay. And when you received this, did you notice anything fishy about it?

A.      I did.  When I went back to my office [after receiving it in court on February 7,] I looked at it and thought . . . it read funny given the date and then the time that she would be off work and then I also noticed that the margins did not line up; the signature line did not line up with the margins of the note.

Q.      And what did you do based on that?

A.      I called . . . Dr. Souza's office to check the validity of the letter.

* * *

Q.      And what did you learn from [Dr. Souza's nurse]?

A.      She looked into the records . . . and she told me that they did not give that letter to [Schultheis].

* * *

Q.      Now, looking back at Exhibit 6, . . . did anything strike you about the dates?

A.      Well, yes, because the letter . . . stated she will be unable to work and should be excused beginning on 10/24/18, which is prior to the date this letter was signed and also . . . this letter states she will undergo surgery on 12/13/18, so that is almost two months prior to the surgery that this letter states she should be unable to work.

* * *

Q. And . . . you're aware that . . . she would be required to perform community service in any week in which she was not working at least 35 hours . . . correct?

A. That's correct.

Q. Okay, and so as of October 24th, was she working?

A. She was not. . . . [S]he had lost her job as of October 23rd.

Tr. Vol. II at 10-13. Following that hearing, the court revoked Schultheis's probation and ordered her to serve ten years in the Department of Correction. This appeal ensued.

# Discussion and Decision

## Issue One:  Revocation of Probation

[7] Schultheis first argues on appeal that the trial court abused its discretion when it revoked her probation. We review the trial court's revocation of the defendant's probation for an abuse of discretion. *Bennett v. State*, 119 N.E.3d 1057, 1058 (Ind. 2019). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[8] According to Schultheis, the State failed to present sufficient evidence to prove its petition because Dr. Souza testified that she could not be certain whether her office generated the letter in question; her office staff has authority to use her

signature on standard letters like the letter in question here; and the signature on Schultheis's letter looked like Dr. Souza's signature.

[9]     We cannot agree with Schultheis's argument, which is merely a request for this Court to reweigh the evidence on appeal. The testimony of Schultheis's probation officer was that this letter was not in Schultheis's medical file. Further, the dates on the letter were highly suspicious—the letter excused Schultheis from community service on the exact date her community service requirement became relevant due to her losing her job, and the reason for the excuse—a surgery date still some two months away—made no sense. The trial court plainly gave substantial weight to the testimony of Schultheis's probation officer and did not give significant weight to Dr. Souza's inability to recollect this particular letter, which the trial court was well within its authority to do. We cannot say the court abused its discretion when it revoked Schultheis's probation.

### Issue Two: Ten-Year Sentence

[10]    Schultheis next asserts that the trial court abused its discretion when it ordered her to serve ten years of her suspended sentence in the Department of Correction. In particular, she alleges that the trial court abused its discretion when it imposed an executed sentence of ten years and did not consider a less excessive incarceration period or placement on probation with community corrections supervision. However, she fails to present an argument supported by cogent reasoning that addresses the factual basis and grounds for our conclusion under Issue One that there was sufficient evidence to support the

revocation of her probation. *See* Ind. Appellate Rule 46(A)(8)(a). Accordingly, she has not carried her burden of persuasion on this issue, and we cannot say that the trial court abused its discretion when it ordered her to serve ten years of her previously suspended sentence.

[11]     Affirmed.

Kirsch, J., and Brown, J., concur.