## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 22 2020, 10:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joseph Leon Payne
Payne Law Office, LLC
Austin, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jackson Lee McGinnis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 22, 2020

Court of Appeals Case No.
19A-CR-2930

Appeal from the Scott Circuit
Court

The Honorable Roger L. Duvall,
Senior Judge

Trial Court Cause No.
72C01-1503-F2-5

**Barteau, Senior Judge.**

# Statement of the Case

Jackson Lee McGinnis appeals the trial court's denial of his motion for modification of sentence. We affirm.

# Issue

McGinnis raises one issue, which we restate as: whether the trial court erred in denying his motion for modification of sentence.

# Facts and Procedural History

On March 18, 2015, the State charged McGinnis with dealing in methamphetamine, a Level 2 felony. The parties negotiated a plea agreement. The agreement began by stating the parties "hereby recommend to the Court the following Plea Agreement." Appellant's App. Vol. 2, p. 14. Next, the agreement provided that McGinnis understood the trial court would review the agreement and had the authority to "either accept or reject the plea agreement." *Id.* McGinnis further agreed he would plead guilty to dealing in methamphetamine as a Level 3 felony.

The agreement further stated: "In exchange for this Plea, the State of Indiana and the Defendant shall recommend the following, and the parties agree that, if accepted by the Court, the Court shall be bound by the terms and conditions contained herein . . . ." *Id.* Among other terms and conditions, McGinnis would be sentenced to a term of sixteen years, with six years suspended to probation. In addition, the State agreed to dismiss another pending case against

McGinnis, and "the parties agree[d]" that McGinnis would pay costs and fees, attend a substance abuse program, and pay outstanding child support from his bond. *Id.*

[5] On September 28, 2015, the trial court held a hearing on the plea agreement. A transcript of the hearing has not been included in the record, but the Chronological Case Summary ("CCS") demonstrates that the court accepted the plea agreement and entered a judgment of conviction for dealing in methamphetamine as a Level 3 felony.

[6] On January 4, 2016, the trial court held a sentencing hearing. Again, a transcript of the hearing has not been included in the record, but the CCS and the sentencing order both state that the court imposed the sentence that the parties had negotiated: sixteen years, with six years suspended to probation.

[7] On October 16, 2019, McGinnis filed a motion for modification of sentence. In the motion, he stated that he had taken substantial steps toward rehabilitation and asked to be released from the executed portion of his sentence. On November 12, 2019, the State filed a response in opposition to McGinnis' motion, arguing that the plea agreement did not provide the trial court with discretion to modify McGinnis' sentence.

[8] Also on November 12, 2019, the trial court held a hearing on McGinnis' motion for sentence modification. The court subsequently issued an order denying the motion, determining that McGinnis was "not now entitled to seek

modification of the sentence imposed pursuant to . . . plea agreement." *Id.* at 13. This appeal followed.

# Discussion and Decision

[9] McGinnis argues the trial court erred in denying his motion for sentence modification, claiming the court misinterpreted the plea agreement as barring the court from modifying the sentence. In general, we review the denial of a motion to modify a sentence for an abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). However, the terms of a plea agreement between the State and the defendant are contractual in nature. *State v. Smith*, 71 N.E.3d 368, 370 (Ind. 2017). We interpret plea agreements de novo. *Anderson v. State*, 141 N.E.3d 862, 867 (Ind. Ct. App. 2020), *trans. denied*.

[10] When interpreting a plea agreement, our ultimate goal is to determine the intent of the parties at the time they made the agreement. *Id.* We consider the agreement as a whole. *Id.* If the terms are unambiguous, we will apply them accordingly. *Smith*, 71 N.E.3d at 371.

[11] In *Smith*, the defendant pleaded guilty to a Class D felony, and the plea agreement stated that he was "precluded from asking for Misdemeanor treatment in this cause." *Id.* at 369. Subsequently, the General Assembly amended a statute to allow trial courts to convert Class D felony convictions into Class A misdemeanor convictions, if certain requirements were met. After the amendment was enacted, Smith moved to convert his conviction to a Class A misdemeanor, and the trial court granted his motion.

[12]     The State appealed, and the Indiana Supreme Court reversed.  The Supreme Court determined, "[t]he phrase 'asking for Misdemeanor treatment' plainly encompasses and is understood to include sentence conversions."  *Id.* at 371.  The subsequent amendment to the statute did not alter Smith's explicit waiver of the relief he later sought.  The Court concluded that granting Smith's request, despite the plain language of the agreement, deprived the State of its benefit of the bargain.

[13]     In McGinnis' case, the plea agreement stated that the parties recommended a fixed sentence and that, if the agreement was "accepted by the Court, the Court shall be bound by the terms and conditions contained therein . . . ."  Appellant's App. Vol. 2., p. 14.  McGinnis argues that the use of the word "recommended" gives rise to an ambiguity as to whether the plea agreement was fixed or open, and the ambiguity should be construed against the State.  We disagree.  The agreement merely reiterates, in unambiguous terms, the principles that govern plea agreements.  Trial courts have the authority to accept or reject a plea agreement.  Ind. Code § 35-35-3-3 (2017) (explaining the consequences of a trial court rejecting a plea agreement).  When a trial court accepts a plea agreement, it is bound by its terms.  *Id.*; *see also Smith*, 71 N.E.3d at 370 (same).

[14]     Thus, the parties to the plea agreement properly "recommended" a sentence, because they could not compel approval by the trial court.  But the agreement also indisputably set a fixed sentence.  When the trial court accepted the agreement, the court was bound to the fixed sentence, as the agreement acknowledged.  As was the case in *Smith*, the plain language of the agreement

disposes of McGinnis' claim, and the parties received the benefit of their bargain. If McGinnis had wished to preserve the option to subsequently seek sentence modification, he could have negotiated for that option.

McGinnis notes that elsewhere in the agreement, the parties state that they "agree" that McGinnis must pay certain fines and fees, but they merely "recommend" a specific sentence. *See* Appellant's App. Vol. 2, p. 14. He claims the use of these different terms results in ambiguity. We disagree. Reading the agreement as a whole, and applying the ordinary meaning of the terms used, there is no ambiguity. It is common during sentencing hearings for parties to recommend sentences, so it is unsurprising to see the term used in this agreement in the context of McGinnis' sentence. By contrast, the remainder of the agreement sets forth the parties' promises to one another, and it is not unusual to see the term "agree" in that context. McGinnis has failed to demonstrate that the trial court erred in denying his motion for modification of sentence.

## Conclusion

For the reasons set forth above, we affirm the judgment of the trial court.

Affirmed.

May, J., and Vaidik, J., concur.