## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 23 2020, 8:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Aaron J. Stoll
The Law Office of Aaron J. Stoll, LLC
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Edvin G. Delcid, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 23, 2020 <br><br> Court of Appeals Case No. 20A-CR-586 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. 02D05-1807-F4-59 |

**Bailey, Judge.**

# Case Summary

[1] Following a jury trial, Edvin G. Delcid ("Delcid")[1] was convicted of Level 4 felony Child Molesting.[2] Delcid now appeals, challenging the trial court's restriction upon his counsel that prevented counsel from referring to any burden of proof other than proof beyond a reasonable doubt. We affirm.

# Facts and Procedural History

[2] In January 2020, Delcid was brought to trial on a charge of Level 4 felony Child Molesting. Before trial, the State filed a motion in limine seeking, in pertinent part, to prevent Delcid from "discussing burdens of proof in civil matters because civil burdens of proof have no relevance in criminal matters, and such discussions pose a danger of confusing and misleading the jury." Appellant's App. Vol. 2 at 52. In support of its motion, the State orally noted that it was not going to be "super nit-picky" but was "asking that this not be belabored, that [defense counsel] not spend the entire jury selection or a huge part of it just going through different burdens of proof and standing at different places . . . as to confuse the jury, since the burden of proof is, obviously, beyond a reasonable doubt." Tr. Vol. 2. at 7. Delcid's counsel objected:

> Judge, as I did, I think, previously, I object to that, although I do
> remember the Court's guidance on how I am to follow that; so if

---

[1] Although the record contains instances of DelCid, we use the capitalization used in the Brief of Appellant.

[2] Ind. Code § 35-42-4-3(b).

the Court does – whether the Court grants it or not, I am aware of the restrictions you would have to be under as far as arguing different standards of proof and I will follow that.

*Id.* The trial court then asked: "So that is an objection?" *Id.* Delcid's counsel responded: "It is an objection, yes." *Id.* The trial court then granted the State's motion in limine, noting that "the burden of proof is beyond a reasonable doubt; and while the Court does briefly explain the difference in jury instructions to the jury, anything past that would not be permitted." *Id.* at 7-8.

[3] Voir dire ensued, during which Delcid's counsel questioned potential jurors about the standard of proof beyond a reasonable doubt. Later, the jurors were given jury instructions regarding proof beyond a reasonable doubt. Moreover, the jury instructions included an explanation that the burden of proof in a criminal case is higher than the burden of proof in a civil case, with a civil case requiring proof "that a fact is more likely true than not true." Tr. Vol. 3 at 84.

[4] At trial, there was evidence that a family gathering was held at Delcid's house on Christmas Eve of 2017. M.H.—the ten-year-old daughter of Delcid's then-girlfriend—opened gifts at midnight, then went to bed. M.H. testified that she awoke and saw Delcid on the bed next to her. Delcid was rubbing her vagina over her clothing. While Delcid did so, he kept telling M.H. to go back to sleep. Delcid also attempted to slip his fingers underneath M.H.'s pants.

[5] The jury found Delcid guilty. Following a sentencing hearing, the trial court sentenced Delcid to six years in the Indiana Department of Correction.

Delcid now appeals.

# Discussion and Decision

Delcid challenges the court's decision to grant the State's motion and prevent his counsel from referring to civil burdens of proof. According to Delcid, the motion "had little to do with preventing juror confusion and more to do with preventing an effective technique"—*i.e.*, framing the burden of proof beyond a reasonable doubt by comparison to lesser civil burdens. Br. of Appellant at 18.

As an initial matter, the State argues that Delcid waived any challenge because Delcid failed to lodge a specific enough objection and failed to make an offer of proof. However, regardless of whether Delcid waived the instant challenge, we will proceed assuming *arguendo* that the issue before us is properly preserved.

Generally, we review a ruling on a motion in limine for an abuse of discretion. *Ryan v. State*, 431 N.E.2d 115, 116 (Ind. 1982) (citing *O'Conner v. State*, 399 N.E.2d 364 (Ind. 1980), *overruled on other grounds*). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Bennett v. State*, 119 N.E.3d 1057, 1058 (Ind. 2019). Moreover, because the ruling on the instant motion had the effect of regulating both voir dire and final argument, we separately consider the ruling in those contexts.[3]

---

[3] At times, Delcid argues that the motion should not be characterized as a motion in limine "because it was not based on the Court's inherent power to admit or reject evidence." Br. of Appellant at 7. It appears that Delcid argues as much to avoid waiver because he failed to make an offer of proof. Because we address the

# Voir Dire

[10] "The function and purpose of the voir dire examination is to ascertain whether or not the jurors can render a fair and impartial verdict in accord with the law and the evidence." *Foster v. State*, 436 N.E.2d 783, 786 (Ind. 1982). "The inquiry should center upon eliciting information from the prospective jurors in order to uncover a basis for a challenge for cause." *Id.* Furthermore, Trial Rule 47(D) applies to voir dire, specifying that a court "may prohibit the parties and their attorneys from examination which is repetitive, argumentative, or otherwise improper but shall permit reasonable inquiry of the panel and individual prospective jurors." *See* Ind. Crim. Rule 21 (providing that trial rules apply where they do not conflict with criminal rules). Moreover, our Supreme Court has held that "[a] trial judge has broad discretion to regulate the form and substance of a *voir dire* examination" and that, "[t]o establish [reversible] error, an abuse of discretion must be shown to have prejudiced a defendant such that a fair trial was impossible." *Grimes v. State*, 450 N.E.2d 512, 517 (Ind. 1983).

[11] Delcid argues that, even though a criminal case involves a burden of proof beyond a reasonable doubt, giving comparative context to that burden is part of a reasonable voir dire examination. Delcid also argues that there was minimal risk of confusion because the trial court provided a jury instruction regarding the standard used in civil cases. We note that the Indiana Supreme Court has

merits of the case and because Delcid is not arguing that a different standard of review would apply to our consideration of the merits, we ultimately need not decide the proper characterization of the State's motion.

endorsed jury instructions that refer to "the different standards of proof used in civil proceedings." *Winegeart v. State*, 665 N.E.2d 893, 902 n.2 (Ind. 1996). Critically, however, the purpose behind that type of jury instruction is to "help dispel inapplicable concepts that jurors may have obtained from national television or popular novels" or prior jury service on a civil jury. *Id.* A voir dire examination that focuses on inapplicable concepts could undermine the goal of dispelling those inapplicable concepts. Ultimately, because a trial court has broad discretion to prevent "improper" lines of inquiry, Ind. Trial Rule 47(D), we conclude that the trial court did not abuse its discretion by regulating voir dire to prevent potentially confusing references to inapplicable burdens of proof.

[12] Regardless, even assuming *arguendo* that the trial court abused its discretion by prohibiting the line of inquiry, defense counsel ably questioned prospective jurors about the burden of proof beyond a reasonable doubt. Indeed, counsel asked the prospective jurors about why the United States requires such a stringent burden. Counsel also asked the prospective jurors about their ability to fairly apply the burden. Although counsel was prevented from comparing the applicable burden to any civil burden, we cannot say that a fair trial was impossible due to the requirement that counsel focus only on the pertinent burden of proof. Thus, even assuming *arguendo* that the trial court improperly limited the scope of voir dire, Delcid has not demonstrated reversible error.

# Final Argument

[13] The "proper scope of final argument is within the trial court's sound discretion." *Nelson v. State*, 792 N.E.2d 588, 591 (Ind. Ct. App. 2003), *trans. denied*. Furthermore, "any abuse of discretion in restricting the scope of closing argument is subject to harmless error analysis." *Id.* Generally, error is deemed harmless where "its probable impact . . . is sufficiently minor so as not to affect the substantial rights of the parties." Ind. Appellate Rule 66(A).

[14] As to final argument, Delcid contends that counsel should be able to "belabor[] the point that beyond a reasonable doubt is a higher burden than probable cause, a higher burden than preponderance of the evidence, a higher burden than clear and convincing evidence." Br. of Appellant at 18. Delcid questions the State's motive in seeking the instant restriction. He also argues that any risk of confusion was minimal because a defendant "is the last person who would want the jury to become confused and use the wrong standard of proof as the other options are all lesser burdens for the State." *Id.* at 16. Yet, irrespective of defense counsel's approach, any argument regarding inapplicable burdens poses some risk of confusing the jury—emphasizing concepts that jury instructions seek to dispel. *See Winegeart*, 665 N.E.2d at 902 n.2. We therefore cannot say that the trial court abused its discretion by limiting argument in this respect.

[15] Delcid also contends that limiting argument was tantamount to violating his rights under the Sixth Amendment to the U.S. Constitution, rendering the trial unfair by impeding the adversarial process. Delcid cites caselaw concerning the

effective assistance of counsel. Delcid also argues that a "blanket prohibition" against discussing civil standards is "unnecessary and unfair" and that concerns about misstating the law should be addressed through an objection. *Id.* at 19.

[16] The Sixth Amendment "requires the assistance of counsel at all critical stages of proceedings." *Hernandez v. State*, 761 N.E.2d 845, 849 (Ind. 2002) (citing *United States v. Cronic*, 466 U.S. 648, 659 (1984)). Moreover, "[t]he right to the effective assistance of counsel is . . . the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing." *Cronic*, 466 U.S. at 656. "[I]f the process loses its character as a confrontation between adversaries, the constitutional guarantee is violated." *Id.* at 656-57. Furthermore, the "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland v. Washington*, 466 U.S. 668, 692 (1984). However, "denial of this constitutional right is 'subject to a harmless error analysis unless the deprivation, by its very nature, cannot be harmless.'" *Hernandez*, 761 N.E.2d at 849 (quoting *Rushen v. Spain*, 464 U.S. 114, 117 n.2 (1983)). Where the denial of a constitutional right is reviewable for harmless error, the "conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986). "Put another way, the question is, 'Is it clear beyond a reasonable doubt that . . . [the] jury would have found the defendant guilty absent the error?'" *Zanders v. State*, 118 N.E.3d 736, 743 (Ind. 2019) (alterations in original) (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)).

[17]   Delcid complains that his counsel could not illustrate the burden of proof beyond a reasonable doubt by comparing the burden to lesser, inapplicable burdens.  Although defense counsel was prohibited from explaining reasonable doubt by focusing on what it was **not**—*i.e.* that it differs from a lesser burden in a civil case—there is no dispute that defense counsel was otherwise free to explain the standard.  We discern no way in which requiring counsel to focus only on the applicable burden of proof undermined the adversarial process or was tantamount to the denial of the effective assistance of counsel.  Therefore, there was no violation of the Sixth Amendment, much less a violation creating a presumption of prejudice.  Furthermore, even if there was constitutional error, the error would be subject to harmless-error review.  *See id.*  Reviewing for harmless error, we ultimately discern no prejudice from the ruling.  Notably, when counsel objected, counsel stated that "whether the Court grants [the motion] or not," counsel was "aware of the restrictions [the trial court] would have to be under as far as arguing different standards of proof and [would] follow that."  Tr. Vol. 2 at 7.  Thus, it seems that counsel would have taken the same approach to final argument irrespective of whether the trial court granted the motion.  In any case, although defense counsel was prevented from using comparative techniques, the jury was nevertheless instructed that the burden was greater than the burden in a civil case—and we presume a jury follows the instructions.  *Weisheit v. State*, 26 N.E.3d 3, 20 (Ind. 2015).  For the foregoing reasons, we conclude that any error was harmless beyond a reasonable doubt.

All in all, Delcid has not identified error in the context of voir dire and we discern no error—constitutional or otherwise—in the context of final argument. Thus, we conclude that the court did not abuse its discretion in granting the motion in limine. However, even if the court erred, the error is not reversible.

Affirmed.

Vaidik, J., and Weissmann, J., concur.