## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 13 2020, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles J. Norton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 13, 2020

Court of Appeals Case No.
20A-CR-857

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause No.
84D01-1712-F6-4235

**May, Judge.**

[1] Charles J. Norton appeals the revocation of his direct placement in community corrections work release. Norton appeals the admission of drug screen results,

which he claims were unreliable, and argues the State presented insufficient evidence to revoke his placement without those results. Because his arguments fail, we affirm.

## Facts and Procedural History

On December 27, 2017, the State charged Norton with two counts of Level 6 felony intimidation.[1] Norton pled guilty to one count of intimidation on June 6, 2019. Following a sentencing hearing, the court entered the conviction as Class A misdemeanor intimidation,[2] dismissed the second intimidation charge, and imposed a one-year sentence "executed as a direct commitment to Vigo County Community Corrections In Home Detention." (Appellant's App. Vol. II at 70.) On February 12, 2020, Norton requested to be placed in work release rather than in home detention, and the trial court approved the modification of his placement.

On March 2, 2020, the State petitioned to revoke Norton's direct placement and place Norton in either jail or the Department of Correction ("DOC"). The petition alleged the following violations:

> a. That on January 30th, 2020- Mr. Norton received a report of conduct for violation of rule 202 (B), Possession/Use of Controlled Substance. Mr. Norton provided VCCC with a drug

---

[1] Ind. Code § 35-45-2-1.

[2] Ind. Code § 35-45-2-1; Ind. Code § 35-50-2-7(b).

screen positive for Amphetamines (8700 ng/ml) and Methamphetamines (4000 ng/ml). He received recommended earned credit time deprivation of 7 days (suspended).

b. That on February 3rd, 2020- Mr. Norton received a report of conduct for violation of rule 203 (B), Refusal to Submit to Testing. Mr. Norton did not report to VCCC for a required drug screen. He received imposition of suspended sanction of 7 days earned credit time loss.

c. That on February 7th, 2020- Mr. Norton received a report of conduct for violation of rule 202 (B), Possession/Use of Controlled Substance. Mr. Norton provided VCCC with a drug screen positive for Amphetamine (3835 ng/ml) and Methamphetamine (2000ng/ml). He received recommended earned credit time deprivation of 14 days (suspended).

d. That on March 2nd, 2020-Mr. Norton's fees are in arrears in the amount of $295.00, which is a violation of rule #1, Fees.

e. That on March 2nd, 2020- Mr. Norton was arrested from the Work Release Facility due to him having possession of two Alprazolam 1mg pills that [were] found hidden in his inhaler during a search before entering the facility.

(*Id*. at 76-77.)

[4] The trial court held a hearing on the State's petition on March 13, 2020. Abby Shidler, Community Corrections case manager for Norton, testified that all of the State's allegations were true. Norton failed to appear for a required drug screen on February 3, 2020. (Tr. Vol. II at 7-8.) Norton tested positive for methamphetamines and amphetamines on January 30 and February 7, 2020.

(*See* Ex. 2 & Ex. 3.) As of the hearing, Norton was $295.00 in arrears on Community Corrections fees, which violated the Community Corrections rules. (Tr. Vol. II at 8.) Finally, Norton was arrested on March 2, 2020, at the Community Corrections Work Release facility because he had two blue oval pills, later identified as Alprazolam, a controlled substance, hidden inside his inhaler. (*See* Tr. Vol. II at 8-9 & Ex. 1.) At the end of the hearing, the trial court found "the evidence establishes a violation." (Tr. Vol. II at 16.) The court revoked Norton's direct placement and ordered Norton to serve the remainder of his sentence in the Vigo County Jail.

# Discussion and Decision

### 1. *Admission of Evidence*

[5] Norton challenges the admission of drug test results. We review a trial court's admission of evidence for an abuse of discretion. *Votra v. State*, 121 N.E.3d 1108, 1113 (Ind. Ct. App. 2019). An abuse of discretion occurs when the court's decision is "clearly against the logic and effect of the facts and circumstances" that were before the court. *Id*. In probation revocation proceedings, the rules of evidence, except for those involving privileges, do not apply. Ind. Evid. R. 101(d)(2). Thus, "courts may admit evidence during probation revocation hearings that would not be permitted in a full-blown criminal trial." *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007).

[6] In particular, Norton asserts:

> [T]he trial court admitted the drug screen results into evidence based on Shidler's testimony that the community corrections program had used Norcem Sentry in the past for drug analysis and that their results had been reliable. The problem, however, is that the drug analyses in this case were not conducted by Norcem Sentry but by Cordant Forensic Solutions. There was no evidence presented at all about Cordant, the lab's reliability, etc. Shidler did not conduct the drug analyses in this case and provided no personal knowledge about the reliability of the results.

(Br. of Appellant at 10 (internal citations omitted).) This objection to the admission of the results, however, was not raised at the revocation hearing and, as such, it is waived for appeal. *See Konopasek v. State*, 946 N.E.2d 23, 27 (Ind. 2011) ("a defendant may not argue one ground for an objection to the admission of evidence at trial and then raise new grounds on appeal").

[7] Waiver notwithstanding, the State responded to this novel argument on appeal by providing citation to a news release indicating that Norchem Laboratory, which "specializes in the criminal justice industry with a unique substance abuse case management program known as Norchem Sentry™," had become part of the Cordant Solutions network. https://perma.cc/59E8-SWFH. As such, Norton has not demonstrated the trial court committed error when it admitted the test results. *See, e.g.*, *Matter of K.R.*, --- N.E.3d ---, 2020 WL 6065769 (Ind., Oct. 15, 2020) (holding drug test reports sufficiently reliable for admission under the business records exception to the hearsay rule).

## 2. *Sufficiency of Evidence*

[8] Norton next alleges the State presented insufficient evidence to support revocation of his direct placement in community corrections. The standard by which we review revocation of community corrections placements is the same as the standard for probation revocations. *Bennett v. State*, 119 N.E.3d 1057, 1058 (Ind. 2019). "Probation hearings are civil in nature, and the State must prove an alleged probation violation by a preponderance of the evidence." *Votra*, 121 N.E.3d at 1113. We review a trial court's finding of a violation of the conditions of placement for an abuse of discretion. *Bennett,* 119 N.E.3d at 1058. When reviewing sufficiency of evidence to support the finding of a probation violation, we look to the evidence most favorable to the judgment, and we neither reweigh the evidence nor reassess the credibility of the witnesses. *Votra*, 121 N.E.3d at 1113.

[9] On February 3, 2020, Norton failed to submit a required sample for drug testing, and on January 30, 2020, and February 7, 2020, Norton tested positive for methamphetamines and amphetamines. Furthermore, Norton was found by Community Corrections staff to be in possession of a controlled substance for which he had no prescription when he entered the work release facility on March 2, 2020.[3] This evidence was sufficient to support the trial court's

---

[3] Norton challenges the sufficiency of the probable cause affidavit to demonstrate he violated his placement because the second page of Exhibit 1 was not signed by a judicial officer indicating probable cause for arrest had been found. However, "a probable cause affidavit prepared and signed by an officer under oath bears substantial indicia of reliability." *Votra*, 121 N.E.3d at 1115. The signature of a judicial officer finding probable cause was not necessary because the judge in the probation revocation hearing could determine

revocation of Norton's direct placement. *See*, *e.g.*, *Votra*, 121 N.E.3d at 1116 (affirming revocation of probation where testimony supported probable cause affidavit).

# Conclusion

Norton has not demonstrated the trial court abused its discretion in admitting the results of Norton's drug tests, and the State's evidence was sufficient to support the trial court's revocation of Norton's direct placement in Community Corrections. Accordingly, we affirm.

Affirmed.

Riley, J., and Altice, J., concur.

---

whether the officer's affidavit demonstrated probable cause. Shidler confirmed the incident happened at the work release facility as Norton was being processed back into the facility. This evidence was sufficient to find probable cause to believe Norton illegally possessed a controlled substance.